IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STACEY BERNARD MARTIN, | § § § | |
| *Plaintiff,* | § § | SA-23-CV-00079-OLG |
| vs. | § § § | |
| TONJA MICHELLE OCHONMA, CHARLES OCHONMA, LINDA MARQUIS, STATE COURT FAMILY JUDGE; AND SHARON L. MARTIN, | § § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for all pretrial proceedings on February 7, 2023. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be **dismissed** for lack of subject matter jurisdiction.

**I. Background and Analysis**

Plaintiff Stacey Bernard Martin filed this action on January 23, 2023, proceeding *pro se*, by paying the filing fee and filing an Original Complaint. Plaintiff's Original Complaint names four Defendants—Tonja Michelle Ochonma, Charles Ochonma, Sharon Lefrancis Martin, and Linda Marquis. The allegations in Plaintiff's Complaint concern a custody dispute regarding his minor son. At the time Plaintiff filed his Complaint, he also requested the issuance of summonses, and summonses were issued by the Clerk on January 23, 2023. Service has, however, not yet been completed.

1

Plaintiff has filed two motions—a Motion to Amend Complaint [#5] and Motion requesting Court to Allow U.S. Marshals Office to Do Service of Complaint upon all Defendants [#7].  By his motions, Plaintiff asks the Court to grant him to leave to file an amended pleading and for an order directing service by U.S. Marshals.  In reviewing Plaintiff's motions and current and proposed amended pleading, the undersigned has also undertaken a review of the Court's subject matter jurisdiction over this case.  For the reasons that follow, there is no federal jurisdiction over the claims raised by Plaintiff in his pleadings.  The undersigned will therefore recommend dismissal of this case rather than addressing Plaintiff's pending motions.

Rule 12 of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("[S]*ua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction."). Plaintiff's Complaint and Amended Complaint ask the Court to award him custody over his minor son, who is currently residing in the State of Nevada with Defendants Tonja and Charles Ochonma (Tonja Ochonma is Plaintiff's sister).  Plaintiff accuses the Ochonmas of deliberately refusing to return Plaintiff's son to Texas and denying Plaintiff any contact with his son. Plaintiff alleges that the Ochonmas fabricated allegations in a state court case filed in Las Vegas regarding Plaintiff's mental illness and inability to care for the child.  According to Plaintiff, part of this scheme involved directing Defendant Sharon Martin (another sister of Plaintiff) to report false allegations to the Las Vegas Police Department, resulting in the issuance of a no-contact order by Defendant Judge Linda Marquis, a state court family judge in Nevada.  Plaintiff alleges Judge Marquis's order violates a previous Texas custody order and accuses the Ochonmas of kidnapping his son and other criminal acts.

Plaintiff's lawsuit constitutes a challenge to a state-court custody determination and is therefore barred by the *Rooker-Feldman* doctrine. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Under the *Rooker-Feldman* doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). However, the Fifth Circuit has repeatedly recognized that the *Rooker-Feldman* doctrine is "narrow" and only applies when "the plaintiff seeks the review and rejection of a state court judgment." *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014). Therefore, there are some circumstances in which a federal lawsuit related to a state-court judgment would not be barred under *Rooker-Feldman*, such as where the alleged injuries were caused by something other than the state court judgment itself. *Id.* Here, Plaintiff's claimed injury is a state-court custody order arising out of the State of Nevada, resulting in his inability to contact his son. Plaintiff's lawsuit is asking this Court to vacate the state-court order. This is not the proper vehicle for Plaintiff to do so. The proper way to challenge a state court judgment is to appeal the judgment.

Moreover, the Supreme Court has recognized a "domestic relations exception" to federal court jurisdiction, which prevents federal courts from issuing or modifying "a divorce, alimony, or child custody decree." *Id.* at 429–30 (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02

3

(1992)).   Plaintiff's suit requests an order finding Judge Marquis to have engaged in unconstitutional acts and ordering the immediate return of his son to Texas.  Plaintiff therefore requests relief modifying a child custody order, which is relief barred by the domestic relations exception to jurisdiction.

Finally, Judge Marquis is not a proper party to this lawsuit.  Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity is not overcome by allegations of bad faith or malice.  *Id.*  Plaintiff is attempting to sue Judge Marquis for her custody determination.  This is an act taken in her judicial capacity for which she enjoys immunity.

## II.  Conclusion and Recommendation

Having considered Plaintiff's Original and proposed Amended Complaints and the governing law, the undersigned recommends that this case be **DISMISSED** for lack of subject matter jurisdiction.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which

objections are being made and the basis for such objections. The district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 6th day of March, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE